UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DERRICK BRIDGES, | ) | 1:10-CV-1266 AWI GSA HC |
| | ) | |
| Petitioner, | ) | ORDER DECLINING TO ADOPT FINDINGS |
| | ) | AND RECOMMENDATION |
| | ) | [Doc. #17] |
| | ) | |
| v. | ) | ORDER DISMISSING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS |
| | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT |
| KATHLEEN ALLISON, | ) | TO ENTER JUDGMENT |
| | ) | |
| Respondent. | ) | ORDER DECLINING TO ISSUE |
| | ) | CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On January 24, 2011, the Magistrate Judge issued a Findings and Recommendation that recommended the petition be DENIED with prejudice. The Magistrate Judge further recommended that the Clerk of Court be DIRECTED to enter judgment. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order. On February 28, 2011, Petitioner filed objections to the Findings and Recommendation. Respondent did not file a reply.

1         In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de
2 novo* review of the case.  The Magistrate Judge's Findings and Recommendation was based on Ninth
3 Circuit authority at the time.  See Hayward v. Marshall, 602 F.3d 546, 561-563 (9th Cir.2010);
4 Pearson v. Muntz, 606 F.3d 606, 608-609 (9th Cir. 2010); Cooke v. Solis, 606 F.3d 1206, 1213
5 (2010), *rev'd*, Swarthout v. Cooke, ___ U.S.___, 131 S.Ct. 859, 2011 WL 197627 (Jan. 24, 2011).
6 The Ninth Circuit had instructed reviewing federal district courts to determine whether California's
7 application of California's "some evidence" rule was unreasonable or was based on an unreasonable
8 determination of the facts in light of the evidence.  Pearson, 606 F.3d at 608.

9         On January 24, 2011, the Supreme Court issued a *per curiam* opinion in Swarthout v. Cooke,
10 ___ U.S.___, 131 S.Ct. 859, 2011 WL 197627 (Jan. 24, 2011).  In Swarthout, the Supreme Court
11 reversed the Ninth Circuit and held that "the responsibility for assuring that the constitutionally
12 adequate procedures governing California's parole system are properly applied rests with California
13 courts, and is no part of the Ninth Circuit's business."  Id., 131 S.Ct. at 863.  The Supreme Court
14 instructed that a federal habeas court's inquiry into whether a prisoner denied parole received due
15 process is limited to determining whether the prisoner "was allowed an opportunity to be heard and
16 was provided a statement of the reasons why parole was denied."  Id., at 862, *citing*, Greenholtz v.
17 Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).

18         Review of the instant case reveals Petitioner was present at his parole hearing, was given an
19 opportunity to be heard, and was provided a statement of reasons for the parole board's decision.
20 (See Answer Ex. 1(a).)  According to the Supreme Court, this is "the beginning and the end of the
21 federal habeas courts' inquiry into whether [the prisoner] received due process."  Swarthout, 131
22 S.Ct. at 862.  "The Constitution does not require more [process]."  Greenholtz, 442 U.S. at 16.
23 Therefore, the instant petition does not present cognizable claims for relief and should be dismissed.
24 See Swarthout, 131 S.Ct. at 861-63; Tash v. Curry, 2011 U.S. App. LEXIS 2070 (9th Cir. Feb. 1,
25 2011) (reversing pursuant to *Swarthout* a decision of the district court that had granted relief from a
26 state court decision that had affirmed the governor's reversal of a parole decision).

27         A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a
28 district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-

El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

Accordingly, IT IS HEREBY ORDERED that:

1. The Court DECLINES to adopt the Findings and Recommendation issued January 24, 2011;

2. The Petition for Writ of Habeas Corpus is DISMISSED with prejudice;

3. The Clerk of Court is DIRECTED to enter judgment; and

4. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   March 25, 2011

CHIEF UNITED STATES DISTRICT JUDGE